UNITED STATES DISTRICT COURT                                    *ECF  CASE*
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ALL ROCK CRUSHING, INC.,                                    :
                                                           :    **VERIFIED**
                                    Plaintiff,             :    **ANSWER**
                                                           :
                  —against—                                :
                                                           :
EDWARD DOYLE, JR. in his official capacity as President    :
of Teamsters Local Union 456 affiliated with the           :
International Brotherhood of Teamsters and Local Union     :    08 Civ. 6764 (SCR)(MDF)
456 affiliated with International Brotherhood of Teamsters, :
                                                           :
                                    Defendant.            :
-------------------------------------------------------------------------x

      EDWARD DOYLE, JR. as President of Teamsters Local Union 456 and Teamsters Local

Union 456 ("Local 456" or "the Union"), by their attorneys, BARNES, IACCARINO,

VIRGINIA, AMBINDER & SHEPHERD, PLLC, in answer to the petition of ALL ROCK

CRUSHING, INC. ("All Rock") dated and verified the 17th day of July, 2008, respectfully

allege:

      1.     Admits the allegations contained in paragraphs 1 through 7 of the petition.

      2.     Denies the allegations contained in paragraphs 8, 9 and 10 of the petition.

      3.     Denies the allegations contained in paragraph 11 of the petition, except admits

that the Union served the referenced Notice of Intention to Arbitrate upon All Rock and All

Rock's counsel under cover of the referenced letter.

      4.     Denies the allegations contained in paragraphs 12 and 13 of the petition.

<u>FIRST AFFIRMATIVE DEFENSE</u>

      5.     Plaintiff has failed to make application to any court pursuant to CPLR § 7503

within 20 days of service of the Notice of Intention to Arbitrate, and is therefore precluded from

objecting that a valid agreement to arbitrate was not made, pursuant to CPLR § 7503(c).

<u>COUNTERCLAIM</u>

6.      This action is based on the provisions of Section 301 of the Labor Management Relations Act ("L.M.R.A."), 29 U.S.C. § 185.

7.      This Court's jurisdiction is based on 29 U.S.C. § 185(a).

8.      Venue lies in this District under the provisions of 29 U.S.C. § 185(a).

9.      This counterclaim is brought by the Union for breach of contract to secure performance by an Employer of the obligation to abide by and comply with provisions of a collective bargaining agreement providing for arbitration of disputes.

10.     Defendant Local 456 is a labor organization representing employees in an industry affecting commerce within the meaning of the Labor Management Relations Act ("LMRA") §§ 2, 301; 29 U.S.C. §§ 152, 185.

11.     The Union's principal office is located at 160 South Central Avenue, Elmsford, New York, County of Westchester.

12.     The plaintiff All Rock is upon information and belief a corporation duly organized and existing under the laws of New York State with its principal office located at 465 Yorktown Road, Croton-on-Hudson, New York, County of Westchester.

13.     The Union and All Rock are parties to a certain collective bargaining agreement ("CBA") for the period June 1, 2005 through May 31, 2008 covering certain of its employees.

14.     Pursuant to Article XXXI of the CBA, grievances or disputes involving any controversy, dispute or misunderstanding as to the meaning, application or observance of any provision of the CBA  may be submitted to arbitration, and the arbitrator's decision shall be final and binding.

2

15.     A dispute arose concerning the failure and refusal to utilize the referral hall and pay the contractual wages and benefits.

16.     Said dispute was arbitrated and an Award issued on January 8, 2008.

17.     A dispute arose concerning All Rock's failure to abide by "cease and desist" provisions of Arbitration Award; continued refusal to use Union's referral service and to employ Union members to perform covered work (the "Grievance").

18.     The Union submitted the Grievance to arbitration at American Arbitration Association by Notice of Intention to Arbitrate and letter, both dated June 27, 2008.

19.     The Grievance arose on or about January 8, 2008 and has continued through the alleged termination of the CBA and to date.

20.     All Rock is obligated by the CBA to arbitrate this Grievance which arose during the term of the CBA, regardless of alleged termination of the CBA.

WHEREFORE, the defendant Local 456 prays that this Court enter an Order and grant judgment dismissing the plaintiff's petition, compelling plaintiff to submit to arbitration of the Grievance, awarding defendant reasonable attorney's fees, and granting defendant Local 456 such other, further or different relief as the Court may deem just, proper or equitable, together with the costs and disbursements of this action.

Dated: Elmsford, New York
      August 7 , 2008

                                   BARNES, IACCARINO, VIRGINIA,
                                   AMBINDER & SHEPHERD, PLLC
                                   Attorneys for Defendants


                                   by:   s/ Steven H. Kern
                                      Steven H. Kern, Esq. (SK-8600)
                                   258 Saw Mill River Road
                                   Elmsford, NY 10523
                                   (914) 592-5740

TO:    George Kokkalenios, Esq.
       George Kokkalenios & Associates
       50 Main Street / Suite 1000
       White Plains, NY 10606

------------------------------------------------------------

## VERIFICATION

EDWARD DOYLE JR., being duly sworn, deposes and says:

That I am the President of Teamsters Local Union 456, defendant named in the within action; that I have read the foregoing Answer and know the contents thereof, and that the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

This verification is made by deponent because Teamsters Local 456 is an unincorporated association, specifically, a labor union, and deponent is an officer thereof, to wit, its President.

The grounds of my belief as to all matters not stated upon deponent's knowledge are: records kept by the Union and conversations with the attorney and staff of the Union.

Edward Doyle, Jr.

SWORN to before me this
7th day of August, 2008.

Notary public

Eileen A. Smyth
Notary Public, St. of New York
No. 4836500
Qualified in Putnam County
Commission Expires Nov. 30, 2009

F:\LBGA5\456\A5 Rock Crushing\Stay\Answer.doc

4